*Durham, Jacobs, for appellants.*

---

FARMERS' BANK OF KY. *v.* E. H. GREEN'S EXECUTRIX. ...

Executors and Administrators—Decedents Estate—Settlement—Preferred Claims—Loss of Security.

> The decedent had pledged fifty hogsheads of tobacco to secure a debt of $6000.00. The tobacco was worth a much larger sum than that for which t' was pledged, and the executrix being desirous to redeem it, and to ship it to a foreign market, drew a sterling bill of exchange on Gilliott & Co. Consignees in the city of London, for over $8000.00 which she sold to appellant and with a part of the proceeds redeemed the tobacco. The tobacco was destroyed by fire in transit, and became a total loss to decedents estate. The bill was protested for non-payment. In the suit to settle decedents estate the appellant claimed that its debt constituted a part of the necessary expenses of administration.
> Held, that a debt thus created, and apparently secured, should not be treated as a preferred debt after the loss of the security, to the injury of other creditors. It cannot be considered as a debt created in the administration of the estate.

APPEAL FROM HENDERSON CIRCUIT COURT.

April 20, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

At the death of E. W. Green, in 1865, near fifty hogheads of his tobacco were pledged to Phelps, Caldwell & Co., in Louisville, to secure a debt of $6,000. The tobacco was worth a much larger sum than that for which it was pledged, and the executrix being

desirous to redeem it, and to ship it to a foreign market, drew a sterling bill of exchange on Gilliott & Co., consignees, in the city of London, for over eight thousand dollars, which she sold to appellant, and with a part of the proceeds redeemed the tobacco, and consigned it to a firm of commission merchants in New York, to be shipped to said Gilliott & Co. While in New York the tobacco was consumed by fire, and through the failure of the consignee in that city, it was lost to the estate of Green. The bill drawn on Gilliott & Co. was protested for non-acceptance, doubt·less on account of the failure of the tobacco to reach them, and the bill was returned.

The executrix filed her petition, and alleged that the assets of her testator were insufficient to pay the debts, and prayed the chancellor to order a sale of the real estate and to administer the assets. Appellant, in an answer and cross-suit, claimed that its debt constituted a part of the necessary expenses of administration, and as such was a preferred one and should be paid in full, while other creditors (the estate being insolvent) would have their debts paid in part. The court below adjudged that appellant's debt was not a preferred on, but stood in the same condition with the other general creditors. This appeal is prosecuted to reverse that judgment.

The evidence shows that appellant looked to the proceeds of the tobacco which was to be shipped to London, to Gilliott & Co., for the payment of the bill, not doubting that it would be redeemed when the money was advanced, and that its value was more than sufficient to secure its payment, the bank took the risk without a home acceptor, and, so far as appears, without any other name. except the drawer, regardless of the value of the residue of the testator's estate, and would have been fully protected but for the accidental destruction of the tobacco by fire.

A debt thus created, and apparently secured, should not be treated as a preferred debt after the loss of the security, and adjudged to be fully paid out of the remaining assets to the injury of other creditors. It can not be considered as a debt created necessarily in the administration of the estate.

Wherefore, the judgment is *affirmed*.

*James,* for appellant.

*Vance,* for appellee.